HAMITER, Justice
(dissenting).
On and as a consequence of the institution of this partition suit there arose in favor of Crawford the right to inquire into the validity of the proceedings whereby Norah acquired the title upon which he sues. And for making the inquiry two courses were available to him, one being by *450 a collateral attack in this suit and the other by a direct attack in the succession matter (Cause No. 272-704 on the docket of the Civil District Court of Orleans Parish) in which Norah’s judgment of possession was rendered.
•Crawford elected to pursue the latter course, filing in the succession matter a petition in which he asserted the invalidity of the possession judgment on the ground of fraud and, additionally, alleged that Norah “is presently seeking through a partition suit in this Honorable Court, being suit No. 275-204 entitled ‘Joseph Norah versus Edward Crawford’ wherein he seeks to bring about a sale of said property through partition suit based on said fraudulent judgment of possession, sought to be acknowledged herein, and that if a partition sale is ordered in said suit, the title to said property will be clouded and thereby effect the rights and interest of your petitioner therein; that accordingly said judgment should be annulled and set aside.”
To the petition in the direct action Norah tendered exceptions of no right and no cause of action. The exceptions, levelled at Crawford’s allegations, were sustained and the action dismissed. The court held, as the majority opinion herein shows, that Crawford was without interest in the estate of Louise Williams Crawford and, therefore, without right to question the manner of its disposition. From the judgment Crawford toolono appeal.
Thereafter, Crawford pursued the other course available to 'him for assailing the possession judgment,, it being a collateral attack in the instant partition suit by means of an exception of no right of action and an answer in both of which he averred, the perpetration of fraud. To this collateral attack Norah pleaded res judicata. The court sustained this plea and rendered judgment in favor of Norah ordering a partition of the property. Crawford appealed, thereby presenting for our consideration the question of the correctness of the ruling on the plea of res judicata.
When the two attacks of Crawford (direct in the succession proceedings and collateral in this suit) are tested in the light of the codal provisions and jurisprudence correctly quoted in the majority opinion I can conclude only that the plea of res judicata herein, based on the judgment dis- ■ missing his direct action, is meritorious. The thing demanded in each attack is identical; the demand is founded on the same cause of action; the demand is between the same parties and formed by them against each other in the same quality; and the unappealed judgment in the direct action is final, the time for appealing therefrom having elapsed. That demanded by Crawford, as plaintiff in the succession proceedings and as defendant in the instant suit, is the annullment of the ex parte judgment recognizing Norah as the sole heir at law of Louise Williams Crawford and putting-him in possession of her property. In mak *452 ing the demand Crawford takes the position in each attack that (1) Norah’s judgment of possession was obtained through fraudulent practices by means of false affidavits and (2) that such possession judgment adversely affects the title to his one-half interest in the-property. Presented by the demand in each suit, hence, are two issues, they being whether Crawford is interested in the possession judgmént, or his property is thereby affected to the extent that he has a right to attack it, and, if so, whether it was obtained by fraud.
In the succession proceedings the court, without passing on the issue of fraud, ruled that Crawford lacked sufficient interest to make the attack and it sustained Norah’s exceptions, as before stated. The ruling resulted from a consideration of 'Crawford’s allegations' (above quoted) which were that Norah was seeking through a pending partition suit (the instant action),- ¡based on the fraudulent possession judgment, to bring about a sale of the property.
In the instant action, before the issue of fraud can be considered, there must be determined the same question of whether or not Crawford is interested in the possession judgment sufficiently to afford him the right to assail its verity.
It is true that the procedure by which Crawford urges each of his identical nullity demands is not the same. In the succession proceedings he resorts to a direct attack' by way of petition and citation, whereas here he makes a collateral attack ^n and through an exception and an answer. “A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court; * * *. A collateral attack is an attempt to impeach the judgment by matters de hors the record, before a court other than the one in which it was rendered, in an action other than that in which it was rendered * * 49 C.J.S., Judgments, § 408. But the different forms, of procedure by which the issues are raised are of no moment, with respect to the res judicata doctrine, as is clearly pointed out in the previous decisions of this court cited in the majority opinion.
Of course it is important (in addition to the factors hereinabove discussed) that the demand be between the same parties and formed by them against each other in the same quality. And this requirement appears to be completely satisfied here. In both causes the parties are identical and the-dispute concerns each litigant in his individual capacity or quality. The situation is not the same as that of a party appearing in one suit as an individual and in the other suit in a representative capacity -or quality.
It is my opinion that in the direct action in the succession proceedings, in view of the allegations of the petition there that the partition suit had been instituted and was then pending, the district court erred in dismissing the demand of Crawford on the ground that he was without sufficient in-' *454 terest to question the possession judgment’s validity. Further, Crawford’s remedy for correcting the error, I think, was to appeal from the j udgment timely. This he did not do. As a consequence such issue of interest, the same as is presented here and the consideration of which is a prerequisite to a determination of the question of fraud, has become the thing adjudged (even though decided erroneously) and it cannot again be litigated between the parties.
I respectfully dissent.